[No. B152079. Second Dist., Div. One. Mar. 28, 2002.]

DONALD GAMBLE, Plaintiff and Respondent, v.
LOS ANGELES DEPARTMENT OF WATER AND POWER et al.,
Defendants and Appellants.

**COUNSEL**

Rockard J. Delgadillo, City Attorney, Philip Shiner, Chief Assistant City Attorney, and Lisa S. Berger, Deputy City Attorney, for Defendants and Appellants.

Law Offices of John R. Blanchard and John R. Blanchard for Plaintiff and Respondent.

## OPINION

**VOGEL (MIRIAM A.), J.**—Section 1038 of the Code of Civil Procedure allows public entities to recover the costs (including attorneys' fees) of defending against unmeritorious and frivolous lawsuits.[1] The issue on this appeal is one of timing, and it presents itself because section 1038 provides (1) that an award of costs can only be made on noticed motion and after a hearing, and (2) that the court must determine the merits of the motion for costs at the time it grants a motion for summary judgment, or a motion for directed verdict, or a motion for judgment under section 631.8, or any nonsuit dismissing the moving party, but also provides (3) that the motion can be made at any time prior to the discharge of the jury or entry of judgment. We find the statute ambiguous on the issue of timing, construe it to mean that a motion for costs should be filed at the earliest practical time "prior to the discharge of the jury or entry of judgment" (§ 1038, subd. (c)), and hold that the motion for costs must be heard by the same judge who hears the dispositive motion. We reverse.

### BACKGROUND

In March 1999, Donald Gamble sued the Los Angeles Department of Water and Power and Ralph Beckman (a meter reader included in our subsequent references to the Department) for personal injury damages. The Department answered and moved for summary judgment. In January 2001, over Gamble's opposition, the motion was granted (Hon. Cesar C. Sarmiento). In February, the Department filed a motion for costs pursuant to section 1038. Gamble opposed the motion, contending it was untimely because it was not brought at the same time as the motion for summary judgment (and that the motion should in any event be denied on the merits). In April, the trial court (Hon. Stanley M. Weisberg) denied the motion, finding (1) that it was untimely and (2) that Gamble's lawsuit had been brought in "subjective good faith." Judgment was entered in May. The Department appeals.

### DISCUSSION

■ The Department contends its motion was timely. We agree.

#### A.

As relevant, section 1038 provides:

"(a) In any civil proceeding under the California Tort Claims Act . . . , the court, upon motion of the defendant . . . , shall, *at the time of the*

---

[1]All section references are to the Code of Civil Procedure.

*granting of any summary judgment,* motion for directed verdict, motion for judgment under Section 631.8, or any nonsuit dismissing the moving party other than the plaintiff, . . . *or at a later time set forth by rule of the Judicial Council adopted under Section 1034* determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint . . . . If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and *the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs,* in addition to those costs normally awarded to the prevailing party. *An award of defense costs under this section shall not be made except on notice contained in a party's papers and an opportunity to be heard.*

"(b) 'Defense costs,' as used in this section, shall include reasonable attorneys' fees, expert witness fees, the expense of services of experts, advisers, and consultants in defense of the proceeding, and where reasonably and necessarily incurred in defending the proceeding.

"(c) *This section shall be applicable only on motion made prior to the discharge of the jury or entry of judgment,* and any party requesting the relief pursuant to this section waives any right to seek damages for malicious prosecution. . . .

"(d) *This section shall only apply if the defendant . . . has made a motion for summary judgment, judgment under Section 631.8, directed verdict, or nonsuit and the motion is granted.*" (Italics added.)

## B.

Although section 1038, subdivision (a), contemplates the adoption of a Judicial Council rule allowing the motion for costs to be made "at a later time," no such rule has been adopted. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2001) ¶ 9:1268.6, p. 9(III)-47.) The Department contends we should look to rule 870(a), California Rules of Court, which provides that a prevailing party claiming costs shall file and serve a memorandum of costs within 15 days after the date of mailing of notice of entry of judgment by the clerk, or the date of service of written notice of entry of judgment, or 180 days after entry of judgment,

whichever is first.[2] We disagree. Rule 870(a) applies only where costs can be claimed by a memorandum of costs. By contrast, section 1038 requires a noticed motion. In the alternative, the Department contends we should look to rule 870.2, which sets out the procedure that "applies in civil cases to claims for statutory attorney fees and claims for attorney fees provided for in a contract." (Rule 870.2(a).) Again, we disagree. Section 1038 provides for the recovery of costs, which includes attorneys' fees but also includes several other expenses; it does not provide for "statutory attorney fees" within the meaning of rule 870.2.

### C.

Since the Judicial Council has not provided otherwise, the statutory language controls. Since the language about the timing of the motion is ambiguous, we must construe section 1038 to render it reasonable, fair, and harmonious with the Legislature's intent, and "the literal meaning of its words must give way to avoid harsh results and mischievous or absurd consequences." (*County of San Diego v. Muniz* (1978) 22 Cal.3d 29, 36 [148 Cal.Rptr. 584, 583 P.2d 109].)[3]

### 1.

Section 1038 provides (1) that an award of costs "shall not be made" except on noticed motion and after a hearing, (2) that the court shall determine the merits of the motion "at the time of the granting of any summary judgment, motion for directed verdict, motion for judgment under section 631.8, or any nonsuit dismissing the moving party," and (3) that the statute applies "only on motion made prior to the discharge of the jury or entry of judgment." (§ 1038, subds. (a), (c).) Since motions for directed verdicts, judgment under section 631.8, and nonsuit may all be made orally and "determined" on the spot (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2001) ¶¶ 12: 206, 12:214, 12:225, 12:348, pp. 12-41-42, 12-42.1, 12-43, 12-67), how can a noticed motion for costs be made in time to have it determined at the same time as the case-dispositive motion? It can't.

---

[2] All rule references are to the California Rules of Court.

[3] In *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 860-862 [80 Cal.Rptr.2d 803, 968 P.2d 514], the Supreme Court held that another part of section 1038—its provision that costs are recoverable if the trial court finds a lack of reasonable cause or a lack of a good faith belief that the case is justified—is clear and unambiguous. But *Kobzoff* did not consider the timing issue, or whether the statute was ambiguous in that regard, and the case does not preclude the decision we reach on this appeal. (*Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1999) 19 Cal.4th 1182, 1195 [81 Cal.Rptr.2d 521, 969 P.2d 613] [cases are not authority for propositions not considered].)

The fact that a motion for summary judgment must be filed at least 28 days before it is heard (§ 437c, subd. (a)) and therefore *could be* accompanied by a motion for costs to be heard at the same time (§ 1005), does not make the statute less ambiguous. (See *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center, supra,* 19 Cal.4th at p. 856 [*"Following the court's determination* of the dispositive motion, and *before the court discharges the jury* or enters the requisite judgment, the defendant must . . . make a motion for defense costs"]; compare *Hall v. Regents of University of California* (1996) 43 Cal.App.4th 1580, 1585 [51 Cal.Rptr.2d 387] [in which case it appears a motion for costs under section 1038 was filed before but heard and determined after a defense motion for summary judgment was granted].)

The legislative history suggests an intent to have the motion for costs determined expeditiously and certainly before judgment is entered, but no intent to impose timing restrictions on summary judgment motions that would not and could not apply to nonsuits, motions for judgment pursuant to section 631.8, or motions for directed verdicts. In a June 20, 1980, letter to Governor Edmund G. Brown, Jr., regarding Assembly Bill 3214 (1979-1980 Reg. Sess.), John Sanford Todd, Counsel to the Southern California Joint Powers Insurance Authority, explained that section 1038 had been amended "to allow the court to make [the] determination [about costs] *anytime prior to the entry of judgment* and on motion. *The court that hears the case* should be able to easily determine whether the action was brought with reasonable cause and in a good faith belief there was a justiciable controversy under the facts and law which warranted the filing of the complaint or cross-complaint." (Italics added; see *Main San Gabriel Basin Watermaster v. State Water Resources Control Bd.* (1993) 12 Cal.App.4th 1371, 1381 [16 Cal.Rptr.2d 288] [legislative history is subject to judicial notice].)

In our view, the statute is ambiguous insofar as it provides for the time at which the motion for costs must be filed and determined.

2.

"In the Tort Claims Act context, the statute provides public entities (which, since 1983, have been constitutionally proscribed from filing malicious prosecution actions) and other specified defendants with a way to recover the costs of defending against unmeritorious and frivolous litigation." (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center, supra,* 19 Cal.4th at p. 857.) The plain purpose of section 1038 is to discourage frivolous lawsuits against public entities by providing public entities with an alternative remedy to a constitutionally proscribed action for malicious

prosecution. (*Knight v. City of Capitola* (1992) 4 Cal.App.4th 918, 931 [6 Cal.Rptr.2d 874]; *Hall v. Regents of University of California, supra,* 43 Cal.App.4th at p. 1587 ["the recognized purpose of section 1038 is to discourage frivolous lawsuits by allowing blameless public entities to recover their defense costs"].)

### 3.

To give effect to the purposes of section 1038 until the Legislature or the Judicial Council dictates a different result, we construe the statute to mean that a motion for costs should be filed at the earliest practical time "prior to the discharge of the jury or entry of judgment" (§ 1038, subd. (c)), and that (unless the judge is unavailable) the motion for costs must be heard by the same judge who heard the dispositive motion. As Division Three of our court put it when interpreting another part of section 1038, " '[i]f ever we are justified in reading a statute, not narrowly as through a keyhole, but in the broad light of the evils it aimed at and the good it hoped for, it is here.' " (*Curtis v. County of Los Angeles* (1985) 172 Cal.App.3d 1243, 1252 [218 Cal.Rptr. 772], quoting *U.S. ex rel. Marcus v. Hess* (1943) 317 U.S. 537, 557 [63 S.Ct. 379, 391, 87 L.Ed. 443]; and see *Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485, 487-488 [214 Cal.Rptr. 264].)

Although the trial court denied the Department's motion for costs on the merits as well as on the ground that it was untimely, the motion was not heard by the same judge who heard and granted the summary judgment motion (and the record does not suggest the judge who heard the summary judgment motion was unavailable). Since we must reverse for that reason, we do not reach the Department's contention that the trial court was wrong on the merits. For the benefit of the court on remand, however, we do note that costs are recoverable if the trial court finds *either* that Gamble lacked reasonable cause *or* lacked a good faith belief that the case was justified (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center, supra,* 19 Cal.4th at p. 860), and that the court's failure to determine whether this action was brought with objective reasonable cause would in any event require reversal. (*Id.* at p. 862.)

### DISPOSITION

The judgment (order denying costs) is reversed and the cause is remanded to the trial court (specifically, to Judge Sarmiento) with directions to hear

and determine the Department's motion for costs. The parties are to pay their own costs of appeal.

Spencer, P. J., and Ortega, J., concurred.