[Civ. No. 39895. Second Dist., Div. Four. Nov. 30, 1972.]

CITY OF INDUSTRY, Plaintiff and Respondent, v.
ARNOLD J. GORDON et al., Defendants and Appellants.

## COUNSEL

Thomas G. Baggot for Defendants and Appellants.

Graham Ritchie, City Attorney, Richards, Watson & Dreyfuss and Arnold Simon for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—This appeal by some defendants in an eminent domain action is from a superior court order which (1) denied such defendants' "Motion for Entry of Judgment of Dismissal" and (2) denied defendants' motion for "Attorneys Fees Upon Abandonment."

The record on this appeal consists of a clerk's transcript. It discloses that appealing defendants were 2 of 88 individually named defendants in an action in eminent domain which was brought to condemn 34 parcels of property for flood control and public road purposes. Plaintiff's complaint was filed January 19, 1966; defendants' answer was filed February 14, 1967. On May 19, 1971, plaintiff filed its request for a pretrial hearing; the hearing was set for July 1, 1971. On the latter date the parties appeared, the trial court's minute order reading, in part: "Counsel for defendants Gordon raise the issue of applicability of Section 583 CCP. in re mandatory dismissal due to failure to have the matter to trial within five years after the complaint was filed and indicates that his client will not stipulate to extend the time for said trial. Counsel for plaintiff urges that the matter proceed . . . . The Court finds . . . that pursuant to the mandatory provisions of Section 583 CCP the Court is required on its own motion to dismiss the matter in the absence of a motion by a party to so dismiss. Accordingly, the action is ordered dismissed." A formal order of dismissal was signed and filed July 7, 1971. On July 29, 1971, appealing defendants filed the motion in question; it was denied September 21, 1971.

The trial court's order of dismissal filed July 7, 1971, complied with Code of Civil Procedure section 581d[1] and constituted a judgment. Hence,

---

[1]Code of Civil Procedure section 581d reads in part: "A written dismissal of an action shall be entered in the clerk's register . . . and is effective for all purposes

there was no requirement for another judgment to be made or entered and the trial court did not err in denying defendants' motion for it. In this court, appellants make no contrary contention. ▮ Appellants' argument here is that the trial court erred in denying that part of the motion asking for attorney fees.

▮ "Costs" are allowed as a matter of course to a defendant as to whom an action is dismissed (Code Civ. Proc., § 1032, subd. (b); *McMahan's* v. *McMahan Serv. Corp.* (1956) 145 Cal.App.2d 607 [302 P.2d 847]) but, generally speaking, attorneys' fees are not recoverable as costs unless expressly allowed by statute or by virtue of a contract. (Code Civ. Proc., § 1021; *Reid* v. *Valley Restaurants, Inc.* (1957) 48 Cal.2d 606, 610 [311 P.2d 473]; *LeFave* v. *Dimond* (1956) 46 Cal.2d 868 [299 P.2d 858, 60 A.L.R.2d 939].) ▮ It is appellant's contention that, by permitting the five-year period to run, plaintiff "abandoned" its cause entitling defendants to attorneys' fees under Code of Civil Procedure section 1255a, which reads in part: "(a) The plaintiff may abandon the proceeding at any time after the filing of the complaint . . . by serving on defendants and filing in court a written notice of such abandonment. . . . (b) The court may, upon motion made within 30 days after such abandonment, set aside the abandonment . . . . (c) Upon the denial of a motion to set aside such abandonment or, if no such motion is filed, upon the expiration of the time for filing such a motion, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their recoverable costs and disbursements. Recoverable costs and disbursements include . . . (2) reasonable attorney fees . . . ."

Needless to say, appellants' claim of "abandonment" does not fit within the language of the code section. Plaintiff filed no written notice of abandonment nor did any party move to dismiss the action.[2] In apparent recognition of these facts, appellants argue that "policy" requires the statute to be interpreted otherwise. Thus, appellants argue that the purpose of the statute is to prevent the abusive practice, indulged in by some condemnors, of "expensing" a property owner into agreeing to the condemnor's price for his property. ▮ As stated in *County of Los Angeles* v. *Ortiz* (1971) 6 Cal.3d 141, 144 [98 Cal.Rptr. 454, 490 P.2d 1142]: "The purpose of the section is to remedy the injustice which would occur if an

when so entered. All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action . . . and such orders when so filed shall constitute judgments and be effective for all purposes . . . ."

[2]As already noted herein, appellants' purported motion to dismiss was a nullity, dismissal already having been ordered on the trial court's own initiative.

unduly acquisitive condemner, dissatisfied with an award, brought successive lawsuits against the landowner in an attempt to obtain a lower judgment." (Also see: *City of Los Angeles* v. *Abbott* (1932) 217 Cal. 184, 200 [17 P.2d 993]; *Torrance Unified School Dist.* v. *Alwag* (1956) 145 Cal.App.2d 596, 598 [302 P.2d 881].)

■ However, the uncontradicted declarations filed in opposition to appellants' motion to dismiss clearly establish that respondent had no intention of voluntarily abandoning its action or cause. ■ For that reason, the following language in *City of Los Angeles* v. *Abbott, supra* (217 Cal. at pp. 197-198) is pertinent: "Certainly, giving the statute the most liberal construction, there is nothing in the section which expressly or impliedly indicates an intent to permit defendants in condemnation suits to recover their attorneys' fees when the condemnor has not voluntarily abandoned . . . . We do not mean to hold that it is only when the condemnor has served on defendant and filed in court a notice of abandonment or has failed to pay the damages assessed that attorneys' fees can be recovered. We are of the opinion that the language used, liberally construed, means that in every case involving a voluntary abandonment attorneys' fees may be recovered, but we do not think that the statute can possibly be interpreted to apply to a case where the condemnation action is terminated without the consent, express or implied, and against the wish and will of the condemnor. We are of the opinion, therefore, that the section only refers to cases of voluntary abandonment and not to cases of involuntary abandonment." (Also see: *City of Whittier* v. *Aramian* (1968) 264 Cal. App.2d 683 [70 Cal.Rptr. 805].)

■ Whether to award attorneys' fees as an item of costs to a litigant is a matter for the Legislature to determine. The California (art. I, § 14) and United States Constitutions (Fifth Amend.) contain provisions requiring "just compensation" for the taking of private property, but there is, as observed in *County of Los Angeles* v. *Ortiz, supra* (pp. 148-149): ". . . no constitutional compulsion to award litigation costs to a landowner in a condemnation proceeding . . . . It follows that since allowable costs are of policy as distinguished from constitutional dimension, determination of costs which are permissibly recoverable remains with the Legislature rather than the courts."

Whatever merits appellants' claim might have if urged before the Legislature, the language of the enactment as construed by our Supreme Court

seems clearly to preclude the allowance of attorneys' fees under circumstances here present.

The order is affirmed.

Files, P. J., and Kingsley, J., concurred.