[No. E008764. Fourth Dist., Div. Two. Jan. 3, 1991.]

NORMAN G. DOYLE, as Trustee, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
JACINTH DEVELOPMENT, INC., et al., Real Parties in Interest.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

COUNSEL

Reid & Hellyer, David G. Moore, Michael G. Krebs, Higbie & Siebel and Richard A. Higbie for Petitioner.

No appearance for Respondent.

Gibson, Dunn & Crutcher, Richard G. Duncan, Jr., and Steven M. Quevedo for Real Parties in Interest.

OPINION

DABNEY, J.—In this original proceeding, plaintiffs and petitioners Norman G. Doyle and Richard A. Higbie, Trustee of the Higbie Family Trust, seek a writ of mandate requiring the trial court to deny the motion by defendants Jacinth Development, Inc., et al., to expunge a notice of lis pendens. In the unpublished portion of this opinion, we conclude that the trial court correctly granted the motion to expunge. However, we agree with petitioners that the order must be vacated insofar as it imposes an award of attorneys' fees in favor of defendants and against counsel for plaintiffs personally.[1]

I.

As to Plaintiffs, the Action Does Not Affect Title to or Possession of Real Property.*

. . . . . . . . . . . . . . . . . . . .

II.

The Prevailing Parties on a Motion to Expunge Lis Pendens Are Not Entitled to an Award of Attorneys' Fees and Costs Under Code of Civil Procedure, Section 409.3, Against the Attorneys for the Losing Party.

██ In their motion, defendants sought an award of attorneys' fees pursuant to Code of Civil Procedure section 409.3[3] Although this request was

---

[1] Viewed as an award of sanctions, the attorneys' fee order would be separately appealable under Code of Civil Procedure section 904.1, subdivision (k). However, the ruling on the motion to expunge is reviewable solely by writ (§ 409.4) and it is both proper and convenient to review the entire order at this time. (See *Trapasso* v. *Superior Court* (1977) 73 Cal.App.3d 561, 569 [140 Cal.Rptr. 820].)

* See footnote, *ante*, page 1355.

[3] "When an order is made pursuant to Section 409.1 or Section 409.2 granting or denying a motion to expunge a notice of pendency of action, the order may direct that the prevailing party be awarded reasonable attorneys' fees and costs."

repeated in several reply briefs, defendants at no time specified the person or persons against whom an award was requested. Initially, we observe that this was insufficient to give the necessary notice to plaintiffs' counsel that sanctions were demanded against them personally, and the award was therefore subject to a due process objection. (*O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 961 [196 Cal.Rptr. 409]; see Code Civ. Proc., § 128.5, subd. (c).) However, we have concluded for other reasons that the award was in any event not justified under the statute cited.

The hearing on the motion to expunge was not recorded by a court reporter. The minute order states that "Movant is awarded the sum of $4,200.00 as reasonable attorney's [*sic*] fees."

Defendants then served a proposed order which imposed the award not only against plaintiffs, but against their counsel.

Plaintiffs' objections to the order, challenging the award against counsel, were submitted to the court for filing. However, as they were not received until the order had been signed, they were returned by the court clerk.

Unfortunately, we do not have as part of the record a reporter's transcript of the hearing, which would enable us to determine whether the trial court ordered attorneys' fees awarded against plaintiffs *and* their counsel. If it had not done so, it would have been improper for defendants' counsel to include such a provision in the proposed order.

■ It is well established that, in the absence of specific statutory authorization or a contractual agreement, attorneys' fees are not recoverable against a losing party or its attorneys. (Code Civ. Proc., § 1021; *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 127 [158 Cal.Rptr. 1, 599 P.2d 83].) When no contract is involved, the Legislature may set the conditions under which fees may be awarded. (See *City of Industry* v. *Gordon* (1972) 29 Cal.App.3d 90, 94 [105 Cal.Rptr. 206].) The award here must therefore be measured against the statutory authorization.

■ Code of Civil Procedure section 409.3, permits an award of attorneys' fees in favor of "the prevailing party," but is silent as to whom the award may run against. Defendants argue that an award against counsel is peculiarly appropriate due to the complex legal nature of the issues frequently raised by the filing and expungement of a notice of lis pendens. As it is the attorney who chooses to file the notice, and defends it, defendants insist that only by permitting an award against counsel can the trial courts retain control of such proceedings.

Defendants argue that since it is the attorney's responsibility to analyze the facts, research the law, and present legal arguments, it is consequently the attorney for the losing party who should pay any monetary sanction for mistakes of law or faulty analysis. This argument has a logical appeal. The difficulty with the contention, as applied to this case, is that the imposition of attorneys' fees as sanctions must be authorized by the Legislature or Judicial Council. These bodies have recognized that an award of sanctions against an attorney will be appropriate in many circumstances and have provided for such awards by specific legislation and rules. They have not done so with respect to motions to expunge lis pendens.

To begin with, both sections 128.5 and 177.5 empower the court to award expenses and attorneys' fees against "a party, the party's attorney, or both" as sanctions for frivolous or bad-faith tactics, in the first instance, or unjustified disobedience of a court order, in the second. The court relied upon section 128.5 to uphold an award of sanctions in *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642 [192 Cal.Rptr. 57], and defendants' citation of the case is therefore of no assistance here.

Similarly, section 2023 also allows the court to sanction an attorney monetarily in connection with discovery matters, if counsel acts "without substantial justification." While section 907, governing frivolous appeals, does not refer to an award against counsel, rule 26(a), of the California Rules of Court amplifies and clarifies the statute to provide for such an award. (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646 [183 Cal.Rptr. 508, 646 P.2d 179].)

In contrast, section 409.3 makes no express provision for an award of attorneys' fees and costs against counsel, as sanctions or otherwise. The provision allowing an award for such expenses incurred in making or resisting an expungement motion may reflect a recognition that the lis pendens procedure contains a considerable potential for abuse in the hands of an unscrupulous litigant. (*Moseley* v. *Superior Court* (1986) 177 Cal.App.3d 672, 678 [223 Cal.Rptr. 116].) However, sanctions awards against attorneys are generally restricted to cases in which they have personally abused the system, and are not to be imposed simply because counsel has merely urged an incorrect position on behalf of his client. (*Luke* v. *Baldwin-United Corp.* (1985) 167 Cal.App.3d 664, 669 [213 Cal.Rptr. 654].) To hold otherwise risks an interference with the attorney-client relationship and the right to effective advocacy. (*In re Marriage of Flaherty, supra*, 31 Cal.3d at p. 647.)

We therefore hold that costs and attorneys' fees awarded pursuant to section 409.3 may not be imposed upon the attorney for the losing party.

This holding does not mean that the obstructive or malicious acts of counsel concerning a motion to expunge can never be addressed by the court. The applicability of section 409.3 does not preclude the independent application of section 128.5, as mentioned earlier. Sanctionable conduct often falls under more than one statute and the cases frequently refer both to section 128.5 and a more specific statute. (See *In re Marriage of Flaherty, supra,* discussing section 128.5 in the context of frivolous appeals governed by section 907; *Young* v. *Rosenthal* (1989) 212 Cal.App.3d 96 [260 Cal.Rptr. 369], discussing interchangeably section 128.5 and former section 2034 on discovery sanctions.)

In this case defendants' moving papers did not seek sanctions under section 128.5 and the court made no findings on the record pursuant to that statute. The order cannot be upheld on that basis, and we therefore issue the writ as prayed with respect to the award of attorneys' fees.

Issuance of the alternative writ would add nothing to the presentation already made and would cause further delay. We notified the parties that the court was considering the issuance of a peremptory writ in the first instance, and the case is appropriate for such action. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179 [203 Cal.Rptr. 626, 681 P.2d 893].)

## III.

Let a peremptory writ of mandate issue directing respondent court to vacate that portion of its order imposing an award of attorneys' fees against counsel for plaintiffs. In all other respects, the petition is denied.

Hollenhorst, Acting P. J., and Timlin, J., concurred.