Filed 7/23/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KATHRYN SETTLE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant and Respondent;<br><br>JAMES McKIERNAN,<br><br>    Objector and Appellant. | 2d Civil No. B249236<br>(Super. Ct. No. CV120119)<br>(San Luis Obispo County) |

        A patron orders a hamburger from the menu at a diner and asks the server if he can substitute edamame for french fries.  "No substitutions," says the server.  We, like the server who cannot add or substitute entries on the menu, cannot add or substitute words in a statute.

        Code of Civil Procedure 1038 requires a mandatory award of defense costs where the trial court grants summary judgment and finds that plaintiff lacked reasonable cause and good faith in filing or maintaining a tort action against a public entity. (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 853.) [1] Defense costs include reasonable attorney's fees.  (§ 1038, subd. (b).)  Here, the trial court ordered plaintiff and her attorney, James McKiernan, to pay $11,457.65 attorney's fees and costs pursuant to section 1038.  McKiernan solely appeals.  We reverse because section 1038 does not authorize defense costs against counsel.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

*Facts and Procedural History*

In 2012 plaintiff sued the State of California (State) and City of Morro Bay (City) for dangerous condition of public property after a sand escarpment on the beach collapsed, causing her to fall into the water and rocks. State did not own, control, or maintain the beach. This was confirmed in discovery when City admitted that it owned and maintained the property. State warned plaintiff's attorney, James McKiernan, that it would seek sanctions pursuant to section 1038 if the complaint was not dismissed. The warning went unheeded.

State and City moved for and were granted summary judgment on the ground that the action was barred by a statutory immunity for injuries caused by a natural condition on unimproved public property such as a beach. (Gov. Code, §§ 831.2; 831.21.) The trial court found: "Plaintiff was notified of the applicability of the immunities afforded to the City and the State pursuant to Gov. Code sections 831.2 and 831.21 but proceeded with the action without any evidence to overcome the immunities. No reasonable plaintiff would have maintained this action against the City and the State."

*Section 1038*

McKiernan argues that section 1038 does not authorize the imposition of defense costs against counsel. State admits that section 1038 is silent on whether defense costs may be imposed on counsel. The issue is one of statutory construction and subject to de novo review on appeal. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.) Section 1038 provides for mandatory defense costs where the trial court determines that "a plaintiff , petitioner, cross-complainant, or intervenor" did not bring "the proceeding with reasonable cause and in the good faith belief that there was a justiciable controversy under the facts and law which warranted the filing of the complaint . . . ." The words "counsel," "counsel for plaintiff" or "plaintiff's attorney" are not in the statute. The Latin phrase "*expressio unius est exclusio alterius*" comes to mind. This is a "canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative." (Black's Law Dict. (8th ed. 2004, p. 620, col. 2; see also *Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195.)

In *Carroll v. State of California* (1990) 217 Cal.App.3d 134 (*Carroll*), plaintiffs and their attorney were ordered to pay section 1038 defense costs after filing a frivolous action for dangerous condition of a street intersection that State did not own or maintain. (*Id.*, at p. 139.) The court in *Carroll* did not specifically consider whether section 1038 authorized the imposition of defense costs against counsel. "[A]n opinion is not authority for a proposition not therein considered. [Citations.]" (*Ginns v. Savage* (1964) 61 Cal.2d 530, 524, fn. 2; *In re Marriage of Cornejo* (1996) 13 Cal.4th 381, 388; *People v. Ault* (2004) 33 Cal.4th 1250, 1258, fn. 10.)

A treatise on Government Tort Liability Practice cites *Carroll* for the proposition that section 1038 "[d]efense costs are awardable against not only plaintiffs and cross-complainants, but also their attorneys. [Citation.]" (Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 2013) § 8.87, p. 477.) Relying on *Carroll* and the treatise, the trial court ruled: "Plaintiff's counsel's attempts to deflect liability for any fee award on the grounds the statutory language of CCP § 1038 only applies to the party, and not his or her attorney is without merit."[2]

There is no published case holding that section 1038 defense costs may be imposed on counsel. In *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center, supra,* 19 Cal.4th 851 (*Kobzoff*) the question of whether the trial court erred in imposing section 1038 defense costs on counsel was left for another day. (*Id.*, at p. 855, fn. 4.) The other day is now. We hold that section 1038 defense costs which includes attorney fees may not be imposed on plaintiff's attorney even if counsel lacks reasonable cause and good faith in filing or maintaining a tort action against a public entity.

---

[2] Parenthetically, we observe that the trial court's order is just, fair, and reasonable under the circumstances. Nevertheless, it is not authorized by section 1038.

*Malicious Prosecution Analogy*

State argues that an award for defense costs is similar to an action for malicious prosecution. State asks if a plaintiff and his/her attorney can be sued for malicious prosecution for the bad faith filing of a frivolous action, why can't fees and costs be awarded pursuant to section 1038? The argument and the analogy fail because public entities are constitutionally precluded from bringing malicious prosecution actions. (*Kobzoff, supra,* 19 Cal.4th at p.857.) Section 1038 does, however, provide public entities a protective remedy and is a judicially approved alternative to a constitutionally proscribed action for malicious prosecution. (*Knight v. City of Capitola* (1992) 4 Cal.App.4th 918, 931.)

*Appellate Addition of Language to a Statute Vel Non*

"This court is loathe to construe a statute which has the effect of 'adding' . . . language. (Citation.) . . . We are compelled to add language only in extreme cases where, as a matter of law, we are convinced that the Legislature, through inadvertence, failed to utilize the word or words which give purpose to its pronouncements. (Citation.) We may consider '.. . the consequences that will flow from a particular interpretation.' (Citations.)" (*People v. Buena Vista Mines, Inc.* (1996) 48 Cal.App. 4th 1030, 1034.) This is not such an extreme case and we decline the invitation to add attorney liability to section 1038. As we shall explain, the Legislature has provided for remedies against an offending attorney in the presenting situation. There are no dire consequences which will flow from this opinion and the Legislature is at liberty to amend section 1038 if it disagrees with our holding.

*Extant Authority For Remedies Against An Attorney.*

The statutes authorizing the imposition of sanctions or fees against counsel are numerous and explicit. (See § 128.7, subd. (c) [authorizing sanctions against "attorneys, law firms, or parties"]; § 177.5 [authorizing sanctions against "a party, a party's attorney, or both" for violating a court order without good cause]; § 396b [authorizing imposition of costs and fees against attorney for filing in an improper venue]; § 473, subd. (b) [court may direct counsel to pay fees and costs where default or

4

dismissal caused by attorney's mistake, inadvertence, surprise or neglect]; § 2023.030 [sanctions against party and/or attorney for misusing the discovery process].)

"In recent years, the Legislature has taken several steps . . . to facilitate the early weeding out of patently meritless claims and to permit the imposition of sanctions in the initial lawsuit - against both litigants and attorneys - for frivolous or delaying conduct. [Citations.]" (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 873-874.) Sanctions awards against attorneys are generally restricted to cases in which the attorney personally abused the system and may not be imposed simply because counsel urged an incorrect position on behalf of his client. (*Doyle v. Superior Court*, *supra,* 226 Cal.App.3d at p. 1359 [discussing section 409.3].)

*Conclusion*

Section 128.7 provides for attorney fees sanctions against an attorney. The Attorney General, relying on the *Carroll* case, here elected not to seek section 128.7 relief. Unless and until the Legislature amends section 1038 to authorize an award of "sanctions" against counsel, defense costs and fees may not be imposed against counsel pursuant thereto. Just as the server at the diner said, "No substitutions"

The award against McKiernan is reversed. McKiernan is awarded costs on appeal.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


5

Martin J. Tangeman, Judge

Superior Court County of San Luis Obispo

_____

James McKierman and Tanya Otega, for ppellant.

Kamala D. Harris, Attorney General, Kristin G. Hogle, Senior Assistant Attorney General, Ricardo Rojo, Supervising Deputy Attorney General, David Adida, Deputy Attorney General, for Respondent.