Filed 8/29/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ALBERTO DANIEL SAUCEDO SUAREZ, | D065949 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. RIC523036) |
| CITY OF CORONA, | |
| Defendant and Respondent; | |
| ROBINSON CALGANIE ROBINSON SHAPIRO DAVIS, INC., et al., | |
| Objectors and Appellants. | |

APPEAL from a judgment of the Superior Court of Riverside County, Paulette Durand-Barkley, Commissioner. Affirmed in part and reversed in part.

Robinson Calcagnie Robinson Shapiro Davis, Kevin F. Calcagnie and Patrick B. Embrey for Plaintiff and Appellant and for Objectors and Appellants.

Best Best & Krieger, Kira L. Klatchko and Irene S. Zurko for Defendant and Respondent.

Alberto Daniel Saucedo Suarez and his attorneys, Allan F. Davis and the law firm of Robinson Calcagnie Robinson Shapiro Davis, Inc. (together, the Attorneys and with Suarez, Appellants), appeal from the trial court's award of attorney fees and costs to the City of Corona (the City) under Code of Civil Procedure section 1038 (section 1038). (Undesignated statutory references are to this code.) Appellants contend the trial court erred because (1) section 1038 does not authorize an award of attorney fees and costs against a party's counsel, (2) the commissioner issuing the award did not have jurisdiction, (3) the award was not proper where the action was brought and maintained with reasonable cause, (4) the fees and costs awarded were not reasonably and necessarily incurred, and (5) the award violated due process. We agree that section 1038 does not authorize an award of fees and costs against a party's attorney. Accordingly, we reverse that portion of the judgment awarding the City its fees and costs against the Attorneys. In all other respects, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Suarez was injured when the compressed natural gas (CNG) tank in a van in which he was a passenger exploded while being filled at a fueling station owned by the City. In April 2009, Suarez sued the City and a number of other defendants. Suarez proceeded against the City on a theory of dangerous condition of public property under Government Code section 835.

According to the Corona Fire Department fire investigation report, the explosion was an accident caused by the rupturing of a CNG cylinder in the van. Shortly after the

2

accident, the Southern California Gas Company tested the fuel lines at the filling station. It did not discover any leaks in the lines.

Appellants requested to inspect the CNG tank and the van to which the tank had been affixed at the time of the accident. Those inspections took place in October 2009. Livio Gambone, an engineer with experience in alternative fuels vehicle testing and failure analysis of CNG cylinders, examined the van's ruptured cylinder. Gambone found the cylinder had "stress corrosion cracking," which is "cracking induced from the combined influence of tensile stress and a corrosive environment." Gambone's tests of the cylinder revealed the presence of sulphuric acid. He concluded the CNG cylinder ruptured during fueling "as a result of exposure to sulphuric acid from contents carried in the cargo area of the subject van."

In November 2009, the City served Suarez with a statutory offer to compromise under section 998. In that offer, the City agreed to waive costs in exchange for a dismissal with prejudice. Suarez did not respond to the offer and it expired.

Between December 2009 and April 2010, the City responded to Suarez's written discovery requests. The City produced maintenance and inspection reports for the CNG system and dispenser and the fire investigation report. The City also provided information that since the CNG system became operational, the City did not have reports of any prior incidents or claims for damages in regard to any aspect of the CNG system or dispenser. Suarez did not propound additional discovery, set depositions of the City's personnel or notice inspections of the CNG station.

3

In early 2011, Appellants requested that the City transfer the CNG tank and van to them. The City responded by stating that it would agree to waive costs and release the tank and van in exchange for dismissal of the City. The City informed Appellants that the evidence did not establish that the City had notice of a dangerous condition. Moreover, the City reminded Appellants that although they had the City's discovery responses and documents for over a year, they had not proceeded with other discovery with respect to the City and the case had been idle for a significant period of time. Due to the lack of evidence of a dangerous condition, the City requested that Suarez provide them with his theory of liability against the City. The Attorneys did not respond to this inquiry and refused to dismiss the City.

In May 2011, the City reiterated its request that Suarez articulate a theory of liability against it. The City also informed Appellants that defense costs had increased dramatically because the case was nearly three years old and suggested dismissal of the City before the City filed a motion for summary judgment.

In May and June 2011, Appellants deposed the City's personnel. Xente Baker, who had investigated the accident, testified there was no indication that the source of the ignition came from the fuel dispenser. He also stated that he did not identify any design defects or issues with the City's operation or maintenance of the filling station. Steve Szueber, another City employee, testified that the City had never received any complaints regarding overpressurization, overfilling, or dispenser design defects. Szueber was not aware of any dispenser or valve malfunctions or gas leaks occurring at the time of the accident.

4

After the depositions, the City again demanded that Appellants dismiss the case due to lack of evidence regarding the City's liability or provide the City with Suarez's theory of liability. The City also informed the Attorneys that in light of the lack of evidence against the City and the absence of articulated facts supporting Suarez's theory of liability, the lawsuit was frivolous within the meaning of section 1038. The City stated that if the case was not dismissed, it would move for summary judgment and seek recovery of its fees and costs.

In September 2011, the City moved for summary judgment or, in the alternative, summary adjudication. The City argued there was no dangerous condition, it did not have actual or constructive notice, and design immunity applied. Suarez opposed the motion on multiple grounds, including that the filling station's pump system, which was manufactured by one of the other defendants, was defective and overpressurized the CNG cylinder in the van. Suarez asserted that the City was liable for the dangerous condition created by the pump system's manufacturer. The trial court granted the City summary judgment, finding Suarez did not raise a triable issue of fact as to whether there was a dangerous condition at the City's property.

After it obtained summary judgment, the City moved to recover its defense costs under section 1038. It requested an award of $135,904.67 jointly and severally against Appellants. The City argued the award was warranted against Appellants because the action was not brought and maintained with reasonable cause. Specifically, the City asserted there was never any evidence of a dangerous condition of public property, discovery revealed the absence of the City's liability, in opposition to the City's summary

5

judgment motion, Suarez did not dispute the City's lack of actual or constructive notice, and Suarez never inspected the allegedly dangerous condition during the course of over two years of litigation.

Suarez opposed the City's section 1038 motion, contending the motion was premature because the City had not prepared and the court had not entered an order granting summary judgment, the City failed to show he brought the action without reasonable cause and good faith, Appellants maintained the case with a good faith belief that a dangerous condition existed, the City's motion should have been raised so as to be heard at the same time as the summary judgment, it was unfair and unduly burdensome to require him to oppose the motion shortly before trial against the other parties, and the City's claim for defense costs was excessive.

In March 2012, a commissioner heard the City's motion for defense costs. The commissioner indicated her tentative ruling was to deny the motion, but she continued the hearing to allow for entry of the order granting summary judgment. At the continued hearing, the commissioner heard further arguments and indicated her tentative was to grant the City's motion. Following that hearing, the commissioner issued a minute order awarding the City fees and costs. The court stated it "[did] not find it proper to award fees from the onset of the case, Plaintiff did complete discovery as of April 2010, and evidence did not support moving forward based on the rulings made in summary judgment proceedings." Thus, the court awarded the City $102,296.20 in fees and $3,753.85 in costs. The commissioner later signed a formal order requiring Appellants, jointly and severally, to pay the City its fees and costs incurred from April 2010.

6

DISCUSSION

I. *City's Request for Judicial Notice*

The City requests that we take judicial notice of (1) Assembly Bill No. 3214 (1978-1980 Reg. Sess.), as introduced March 11, 1980, and (2) an analysis of Assembly Bill No. 3214 (1978-1980 Reg. Sess.), as amended June 18, 1990, prepared for the Senate Committee on Judiciary. We grant the motion, but do not rely on the judicially-noticed documents in interpreting section 1038. (Evid. Code, §§ 452, subd. (c), 459, subd. (a).) If there is only one reasonable construction of statutory language, then we need not consider the legislative history and other extrinsic aids in determining the statute's legislative purpose. (Cf. *Abernathy v. Superior Court* (2007) 157 Cal.App.4th 642, 648-649; *County of Los Angeles v. Superior Court* (1993) 18 Cal.App.4th 588, 594-595.) Nevertheless, there is nothing in those documents that changes our analysis or the result in this case.

II. *Fees and Costs Award against the Attorneys*

Appellants contend the trial court erred because section 1038 does not authorize an award of attorney fees and costs against a party's counsel. We agree.

Section 1038 "provides public entities (which, since 1983, have been constitutionally proscribed from filing malicious prosecution actions) and other specified defendants with a way to recover the costs of defending against unmeritorious and frivolous litigation." (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 857 (*Kobzoff*).) The statute states the following:

7

"In any civil proceeding under the Government Claims Act . . . or for express or implied indemnity or for contribution in any civil action, the court, upon motion of the defendant or cross-defendant, shall, at the time of the granting of any summary judgment . . . determine whether or not the *plaintiff, petitioner, cross-complainant, or intervenor* brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint, petition, cross-complaint, or complaint in intervention.  If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and *the court shall render judgment in favor of that party* in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party."  (§ 1038, subd. (a) (italics added).)

Section 1038 encompasses both the initial filing of an action and its continued maintenance if done without good faith and reasonable cause.  (*Curtis v. County of Los Angeles* (1985) 172 Cal.App.3d 1243, 1252 (*Curtis*).)

Matters presenting pure questions of law, not involving resolution of disputed facts, are subject to the appellate court's independent review.  (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799.)  Moreover, questions of statutory interpretation and the applicability of a statutory standard to undisputed facts, also present questions of law, which we review de novo.  (*Harustak v. Wilkins* (2000) 84 Cal.App.4th 208, 212.)  Although Appellants did not raise their argument in the trial court, we exercise our discretion to consider it because it raises a question of law based on undisputed facts.  (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 24; *Martinez v. Scott Specialty Gases, Inc.* (2000) 83 Cal.App.4th 1236, 1249.)

Our review begins with the fundamental premise that "in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent. [Citation.]" (*Kobzoff*, *supra*, 19 Cal.4th at pp. 860-861.) We are not free to give the words of a statute a definition 'different from the plain and direct import of the terms used.' [Citation.] Rather, it is our role to ascertain the meaning of the words used, not to insert what has been omitted or otherwise rewrite the law to conform to an intention that has not been expressed. [Citation.]" (*Gray Cary Ware & Freidenrich v. Vigilant Insurance Co*. (2004) 114 Cal.App.4th 1185, 1190 (*Gray*).)

The court in *Settle v. State of California* (2014) 228 Cal.App.4th 215 (*Settle*), recently decided the issue of whether section 1038 authorizes the imposition of defense costs against counsel and concluded it does not. We agree with the analysis and conclusion in *Settle* as section 1038 is clear and unambiguous. The statute does not make any reference to imposition of defense costs against a party's counsel. (*Settle*, at p. 218.) The court's role under section 1038 is to determine whether the plaintiff, petitioner, cross-complainant, or intervenor brought or maintained the action without good faith or reasonable cause. (*Carroll v. State of California* (1990) 217 Cal.App.3d 134, 140 (*Carroll*).) The statute makes no mention of a party's "attorney" and we are not free to rewrite the law to conform to an intention not expressed. (See *Gray*, *supra*, 114

Cal.App.4th at p. 1190.)  Rather, our role is to ascertain the meaning of the words used. (*Ibid*.)  If the Legislature had intended to make attorneys responsible for defense costs under section 1038, we presume it would have stated so.

Moreover, section 1038 provides that where the court determines the proceeding was not brought in good faith and with reasonable cause, "the court shall render *judgment*" in favor of the prevailing party.  (Italics added.)  A judgment cannot lie against an attorney who is not a party to the action and is wholly void.  (*Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 615.)  The Legislature's use of the term "judgment" indicates that it did not intend to impose liability on a party's counsel.  Instead, the remedy the Legislature elected may only be rendered against a party to the action.

Relying on *Carroll*, the City urges us to interpret section 1038 to impose responsibility for defense costs against attorneys.  In *Carroll*, the trial court ordered plaintiffs and their counsel to pay defense costs under section 1038.  (*Id.* at p. 139.)  The Court of Appeal affirmed the judgments; however, the court did not specifically consider the argument of whether section 1038 authorizes an award of defense costs against counsel.  (*Id.* at p. 144.)  Instead, the court analyzed section 1038's requirements of "good faith" and "reasonable cause."  (*Carroll*, at pp. 140-143.)  "An opinion is not authority for a point not raised, considered, or resolved therein."  (*Styne v. Stevens* (2001) 26 Cal.4th 42, 57.)

The City also relies heavily on cases in which courts have analogized section 1038 to malicious prosecution actions, which can be asserted against attorneys but not by public entities.  (See *Crowley v. Katleman* (1994) 8 Cal.4th 666, 690, fn. 13; *Carroll*,

*supra*, 217 Cal.App.3d at pp. 141-142; *Curtis*, *supra*, 172 Cal.App.3d at pp. 1249-1250.) Thus, the City asserts section 1038 provides an option for public entities to recover defense costs incurred in defending against frivolous lawsuits. While this is true, section 1038 does not permit recovery against a party's counsel because the statute is silent as to whom the award of defense costs may run against. (§ 1038.) It is not our role to insert words into a statute or rewrite the law. (*Gray*, *supra*, 114 Cal.App.4th at p. 1190.)

Our interpretation of section 1038 is consistent with well established authority that "[f]ee awards against attorneys are ordinarily available only as sanctions and are generally not allowed under routine fee-shifting provisions." (*Moore v. Kaufman, supra*, 189 Cal.App.4th at p. 615.) "[T]rial courts may not award attorney fees as a sanction for misconduct absent statutory authority (or an agreement of the parties)." (*Clark v. Optical Coating Laboratory, Inc.* (2008) 165 Cal.App.4th 150, 164.) Legislative silence on whether attorney fees may be assessed against counsel does not constitute statutory authority for sanctions against counsel. (See *Doyle v. Superior Court* (1991) 226 Cal.App.3d 1355, 1358-1359.)

As we already explained, section 1038, subdivision (a) empowers the court to award the prevailing party its defense costs if the court determines the proceeding was not pursued with reasonable cause and in the good faith belief that there was a justifiable controversy. As such, section 1038 requires the court to look at the actions of the *plaintiff, petitioner, cross-complainant, or intervenor* and to render *judgment*, but the statute makes no express provision for an award of defense costs against counsel as

11

sanctions or otherwise. Without statutory authorization, we conclude defense costs under section 1038 may not be imposed against a party's attorney.

### III. *Jurisdiction*

Appellants contend the commissioner issuing the award of defense costs to the City did not have jurisdiction. Specifically, Appellants contend a motion under section 1038 must be heard by the same judge who heard the motion for summary judgment. We reject Appellants' argument.

In general, "a motion for costs [under section 1038] should be filed at the earliest practical time 'prior to the discharge of the jury or entry of judgment' [citation], and that (unless the judge is unavailable) the motion for costs must be heard by the same judge who heard the dispositive motion." (*Gamble v. Los Angeles Dept. of Water & Power* (2002) 97 Cal.App.4th 253, 259 (*Gamble*).) However, parties may stipulate to the jurisdiction of a court commissioner. (See *In re Horton* (1991) 54 Cal.3d 82, 90.) This stipulation can be inferred from counsel's conduct. (*Id*. at p. 91.)

Here, there is no indication in the record that the judge who heard the City's summary judgment motion was unavailable. Regardless, neither party objected to the commissioner's authority during two separate hearings on the matter. In fact, during the first hearing when the commissioner's tentative ruling was to deny the City's motion for costs, Suarez counsel stated there was no need to continue the hearing to allow the City to submit an order on its summary judgment motion; thus, counsel indicated Suarez was willing to accept the commissioner's ruling at that point. "An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on

12

receiving a result unfavorable to him."  (*Estate of Lacy* (1975) 54 Cal.App.3d 172, 182.)
That is precisely the situation in this case.  Accordingly, we reject Appellants' argument
that the commissioner did not have jurisdiction to hear the City's section 1038 motion.

IV.  *Reasonable Cause*

Appellants contend the trial court's award of fees and costs was not proper because
they brought and maintained the action with reasonable cause.  We disagree.

In order to recover defense costs under section 1038, the court must "'determine
whether or not the plaintiff, . . . brought the proceeding with reasonable cause and in the
good faith belief that there was a justiciable controversy under the facts and law which
warranted the filing of the complaint.'"  (*Carroll*, *supra*, 217 Cal.App.3d at p. 140.)  This
inquiry "encompasses not only the filing of an action, but also its *continued
maintenance*."  (*Curtis, supra*, 172 Cal.App.3d at p. 1252.)

"Reasonable cause" is an objective standard which asks whether any reasonable
attorney would have thought the claim tenable.  (*Carroll*, *supra*, 217 Cal.App.3d at p.
140.)  For purposes of section 1038, "reasonable cause" is synonymous with "probable
cause."  (*Carroll*, at p. 141.)  "'[W]hen, . . . the facts known by the attorney are not in
dispute, the probable cause issue is properly determined by the trial court under an
objective standard; it does not include a determination whether the attorney subjectively
believed that the . . . claim was legally tenable. [Citations.]'"  (*Id.* at p. 142.)  We review
section 1038's "reasonable cause" prong de novo.  (*Hall v. Regents of University of
California* (1996) 43 Cal.App.4th 1580, 1586.)

13

As a preliminary matter, we note the City argues Appellants maintained the action without good faith *and* reasonable cause. The City did not raise section 1038's good faith prong in its motion for defense costs and instead relied on Appellants' lack of reasonable cause. Accordingly, we focus our analysis on whether Appellants maintained the action without reasonable cause.

To assert that they had reasonable cause, Appellants primarily rely on the fact the trial court denied a summary judgment motion brought by the pump system manufacturer, which Appellants claim establishes there was a question of material fact as to the liability of a City contractor and thus the City. However, Appellants fail to acknowledge that Suarez's claims against the City differed from those against the other defendants. His only claim against the City was based on a dangerous condition of public property under Government Code section 835. To establish a "dangerous condition," Suarez had to show the City had "a condition of property that create[d] a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property [was] used with due care in a manner in which it is reasonably foreseeable that it will be used." (Gov. Code, § 830, subd. (a).) Appellants have not pointed us to any evidence revealing the City's property constituted a dangerous condition.

Even if Suarez had reasonable cause to initiate his action against the City, the record in this case reveals that no attorney would have thought Suarez's claims were tenable after receiving the City's written discovery responses. By April 2010, the City had responded to Suarez's discovery requests by producing maintenance and inspection

14

reports for the CNG system and dispenser and the fire investigation report, which concluded that the explosion was an accident caused by the rupturing of a CNG cylinder in the van. The City also provided information that since the CNG system became operational, it did not have reports of any prior incidents or claims for damages in regard to any aspect of the CNG system or dispenser. The City's information did not reveal the presence of a dangerous condition on public property.

Moreover, Appellants had information from other sources that showed the accident was not caused by a dangerous condition on the City's property. For example, Appellants knew the Southern California Gas Company tested the fuel lines at the filling station shortly after the accident and did not discover any leaks in the lines. Further, Gambone investigated the accident in October 2009 and concluded the accident occurred due to a ruptured cylinder on the van which was caused by exposure to sulphuric acid in the van's cargo area.

The City made numerous demands on Appellants to dismiss the case against it or provide a viable theory of liability. Appellants ignored these demands and let the case languish against the City. Appellants made no effort to move the case forward for approximately one year. There is nothing in the record evidencing that Appellants had a viable theory of liability against the City. Accordingly, they did not have reasonable cause to continue the action.

V. *Reasonableness and Necessity of Fees and Costs Incurred*

Appellants contend the fees and costs awarded were not reasonably and necessarily incurred. We reject this argument.

15

The trial court is authorized by section 1038 to make an award of "all reasonable and necessary defense costs." (§ 1038, subd. (a).) As defined in section 1038, defense costs "include reasonable attorneys' fees, expert witness fees, the expense of services of experts, advisers, and consultants in defense of the proceeding, and where reasonably and necessarily incurred in defending the proceeding." (§ 1038, subd. (b).)

We apply a deferential standard of review. When making an award of attorney fees, "the trial court has broad authority to determine the amount of a reasonable fee." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "The determination of what constitutes the actual and reasonable attorney fees is committed to the sound discretion of the trial court. An appellate court will interfere with that determination only where there has been a manifest abuse of discretion." (*Fed-Mart Corp. v. Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 228.) "'The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong'—meaning that it abused its discretion." (*PLCM Group, Inc. v. Drexler*, *supra*, at p. 1095.)

Appellants argue the City failed to show that its defense costs were "reasonably and necessarily incurred" because it did not provide an explanation of those costs. However, the City provided the court with detailed time records and a declaration from counsel establishing the defense costs incurred. The City's counsel also provided a breakdown of fees incurred commencing from various points in time. The information

16

the City provided was sufficient to support its motion for defense costs under section 1038.

## VI. *Due Process*

Appellants contend the trial court's award of fees and costs against the Attorneys violated due process. Based on our conclusion that section 1038 does not authorize an award of defense costs against a party's counsel (*ante*, part II), we need not consider Appellants due process argument as it relates to the Attorneys.

In regard to Suarez, Appellants argue the trial court's award of defense costs violated due process because the City did not provide Suarez with adequate notice of its motion. Specifically, Appellants argue that in order to give Suarez sufficient notice, the City should have filed its motion for defense costs so that it could be heard at the same time as the City's summary judgment motion.

The timing of section 1038 motions was considered in *Gamble*, *supra*, 97 Cal.App.4th at p. 259. After considering the statute's legislative history, the court concluded "[t]o give effect to the purposes of section 1038 until the Legislature or the Judicial Council dictates a different result, we construe the statute to mean that a motion for costs should be filed at the earliest practical time 'prior to the discharge of the jury or entry of judgment.'" We see no reason to depart from the *Gamble* court's conclusion and find no due process violation, especially where, as here, Suarez had ample opportunity to oppose the City's motion and did so over the course of two hearings on the matter. Lastly, we note that Suarez never asserted in the trial court that he did not have adequate notice or that the City's section 1038 motion resulted in a due process violation.

17

Based on the foregoing, we reject Suarez's due process argument.

DISPOSITION

The judgment is reversed to the extent that it awards the City defense costs against the Attorneys.  In all other respects, the judgment is affirmed.  Respondent is awarded costs on appeal.


McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

18