Filed 2/11/15  Wedgeworth v. City of Newport Beach CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| SANDY WEDGEWORTH et al., | |
| Plaintiffs and Respondents, | G048902 |
| v. | (Super. Ct. No. 30-2011-00493787) |
| CITY OF NEWPORT BEACH et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, William M. Monroe, Judge.  Affirmed.

Ferguson, Praet & Sherman, Peter J. Ferguson, Allen Christiansen; Pollak, Vida & Fisher and Daniel P. Barer for Defendants and Appellants.

Law Offices of Andrew A. Smits and Andrew A. Smits for Plaintiffs and Respondents.

\*　　　　\*　　　　\*

INTRODUCTION

This appeal boils down to whether, in making a motion for attorney fees and expert fees under Code of Civil Procedure section 1038 (section 1038), a public entity is required to support its motion with evidence, or at least citations to the trial court's record. The public entity here, the City of Newport Beach (the City), contends that it met its burden on the section 1038 motion by pointing to the entirety of the record, from which the trial court should have been able to determine whether plaintiffs brought and maintained the lawsuit in good faith, and had reasonable cause to initiate and maintain the lawsuit. We reject the City's contention. We further conclude the trial court did not err, based on the evidentiary record before it, in determining plaintiffs brought and maintained the action in good faith and with reasonable cause, and affirm the trial court's order denying the City's section 1038 motion. As we explain, the City's section 1038 motion and this appeal are without merit and close to frivolous.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

William Robert Wedgeworth (William) committed suicide while in the custody of the City's police department. William's wife, Sandy Wedgeworth (Sandy), and his surviving children (collectively, plaintiffs) sued the City and several of its police officers (collectively, defendants) for negligence and related causes of action. The trial court granted defendants' motion for summary judgment, and judgment was entered against plaintiffs. (The judgment is the subject of a related appeal, case No. G048784.)

After the motion for summary judgment was granted, the City filed a motion for an award of attorney fees and expert witness fees under section 1038, and defendants filed a separate motion for sanctions and attorney fees under Code of Civil Procedure section 128.7. The trial court denied both motions. Defendants filed a timely notice of appeal from both orders; on appeal, the City challenges only the issue of the trial court's denial of attorney fees and expert witness fees under section 1038.

2

In relevant part, section 1038 provides: "In any civil proceeding under the Government Claims Act . . . , the court, upon motion of the defendant . . . shall, at the time of the granting of any summary judgment . . . , determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint . . . . If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party. An award of defense costs under this section shall not be made except on notice contained in a party's papers and an opportunity to be heard." (§ 1038, subd. (a).) "[T]he recognized purpose of section 1038 is to discourage frivolous lawsuits by allowing blameless public entities to recover their defense costs." (*Hall v. Regents of University of California* (1996) 43 Cal.App.4th 1580, 1587.)

Whether a plaintiff had a good faith belief that there was a justifiable controversy is a factual determination reviewed on appeal for sufficiency of the evidence. (*Bosetti v. United States Life Ins. Co. in City of New York* (2009) 175 Cal.App.4th 1208, 1226.) Whether the proceeding was brought with reasonable cause is a legal issue we review de novo. (*Ibid.*)

Only one of the two prongs—lack of reasonable cause or lack of good faith belief—needs to be established before fees may be awarded under section 1038; the public entity does not need to establish the absence of both prongs. (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 861-863 (*Kobzoff*).)

3

In this case, the trial court denied the City's section 1038 motion as follows: "Defendant City failed to submit any evidence or cite to any portion of the record to show that Wedgeworth Plaintiffs lacked good faith and reasonable cause to bring and maintain this action. Defendant City submitted a declaration from its attorney, Peter J. Ferguson, but he only attested to the amount of attorneys and expert witness fees. Defendant City did not cite to any authority to show that it can just bring this motion and expect the Court to review the entire record in order to make a finding in its favor. [¶] *This court is not the scrivener for the defendants*." (Original italics.)

The City challenges the order denying its request for fees on the ground the trial court failed to address the motion on its merits. We disagree. The trial court made findings that the City had failed to meet its burden of showing plaintiffs lacked good faith and did not have reasonable cause to bring and maintain the action against the City. "[T]he requirement in Code of Civil Procedure section 1038 that the court *make* the required good faith and reasonable cause determinations does not mean that the court is further required to *explicitly state* such determinations in the record." (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1272.) Based on the doctrine of implied findings, we infer from the trial court's unequivocal denial of the motion that it determined the City had failed to prove plaintiffs' lawsuit was not brought in good faith and was brought without reasonable cause.

We conclude the trial court's finding the City did not prove plaintiffs' lack of a good faith belief that there was a justifiable controversy is supported by substantial evidence. The City's memorandum of points and authorities in support of its motion is bereft of any citation to the record.[1] The City's argument on appeal is that it was not required to support its motion with evidence, or even citation to the record, because all of

---

[1] The City did cite to the paragraphs within the original and first amended complaints establishing plaintiffs presented a claim to the City Clerk, which was rejected, before filing the lawsuit.

4

the evidence supporting the motion was in the trial court's file. While it might be true that all the information necessary to rule on the motion was in the record, it does not relieve the City from the burden of identifying for the trial court what part of the record is relevant to the determination of plaintiffs' good faith and/or reasonable cause.

The City argues on appeal that in bringing the section 1038 motion, it "didn't have to show very much" and the burden shifted almost automatically to plaintiffs to show they pursued the lawsuit in good faith and with reasonable cause. Yet the City fails to provide any statutory or case authority to support this claim. Indeed, in one of the cases cited by the City in its opening brief, the appellate court held, "[t]he moving defendant must negate either good faith or reasonable cause in order to prevail." (*Hall v. Regents of University of California*, *supra*, 43 Cal.App.4th at pp. 1585-1586.) The City fails to explain how its burden of negating good faith or reasonable cause transfers into a burden on plaintiffs to prove both good faith and reasonable cause.

The City also argues that because section 1038 requires the same judge who decided the summary judgment motion must decide the section 1038 motion, it need not provide specific references to the portions of the record supporting its motion because the judge would be familiar with the entire record. No such requirement exists in the statute itself. In *Gamble v. Los Angeles Dept. of Water & Power* (2002) 97 Cal.App.4th 253, 259, the court held, "we construe the statute to mean . . . that (unless the judge is unavailable) the motion for costs must be heard by the same judge who heard the dispositive motion." But the practicalities of the trial courts and the realities of life will in some cases necessitate that a section 1038 motion be heard by a different judge. After ruling on a motion for summary judgment, a judge could be reassigned, retire, be voted out of office, or die. A public entity that had prevailed on its motion for summary judgment and filed a section 1038 motion without offering evidence to support the motion, or without citing to the portions of the record supporting its claim for fees, would be without recourse when a newly assigned judge tried to make sense of the case.

5

Further, in the most recently published case addressing section 1038, the Court of Appeal, Fourth Appellate District, Division One, concluded a court commissioner had jurisdiction to rule on a section 1038 motion, despite the fact "there is no indication in the record that the judge who heard the City's summary judgment motion was unavailable." (*Suarez v. City of Corona* (2014) 229 Cal.App.4th 325, 335.)

We do not hold that all papers filed in connection with a motion for summary judgment must be refiled as attachments to a section 1038 motion, or that the moving party must request judicial notice be taken of all documents in the trial court's file. But the moving party must identify for the trial court, at least by referencing relevant documents, what evidence supports its contention the action was brought and maintained in bad faith and without reasonable cause. "[W]hile a favorable ruling on a motion for summary judgment is a prerequisite to the recovery of the costs defined, the mere granting of such a motion does not effect entitlement to such costs, which accrues only upon a finding a cross-complaint for indemnity was brought without reasonable cause and a good faith belief there was a justiciable controversy under the facts and law which warranted the filing of the cross-complaint." (*Ford Motor Co. v. Schultz* (1983) 147 Cal.App.3d 941, 951.) "A defendant may not recover section 1038 costs simply because it won a summary judgment or other dispositive motion; victory does not per se indicate lack of reasonable cause. [Citation.] That victory is simply the first step. Following the court's determination of the dispositive motion, and before the court discharges the jury or enters the requisite judgment, the defendant must also make a motion for defense costs, as the statute directs, alleging that the plaintiff did not bring or maintain the proceeding in 'good faith' and with 'reasonable cause.' [Citation.]" (*Kobzoff*, *supra*, 19 Cal.4th at pp. 856-857.)

In opposition to the section 1038 motion, plaintiffs submitted declarations of their attorney, Sandy, and William's adult son, William W. Wedgeworth. All three declarants affirmatively stated they had "not pursued this lawsuit with malice, bad faith

6

or ill will," and had no personal animosity toward the City, the City's police department, or any of the individual officers named in the lawsuit. Sandy also declared that she regularly worked with police officers in another jurisdiction and had good relations with them, and that she had no disputes with the City, the City's police department, or any officers, other than the present lawsuit.

In its reply brief, the City identified 12 instances of circumstantial evidence of plaintiffs' lack of good faith. Again, however, the City generally failed to provide any reference to the portions of the trial court's record from which the circumstantial evidence could be inferred. The only piece of evidence offered by the City to show plaintiffs' lack of good faith is the transcript of a phone call from William to Sandy just before he committed suicide, in which he stated: "You tell William [(his son)] to sue the fuck out of the City of Newport Beach. Tell him to sue the fuck out of them and—and that I called you and you knew that this was going to happen and, you know, let it happen. Bye." That William was urging his family to sue the City does not prove plaintiffs brought or maintained the action in bad faith, however. The City did not meet its burden of proving plaintiffs' lack of good faith.

Having reviewed the parties' papers in support of and in opposition to the section 1038 motion, we conclude the trial court also did not err in determining the City did not prove lack of reasonable cause. In determining whether plaintiffs had reasonable cause to bring and maintain the action, we consider """"whether any reasonable attorney would have thought the claim tenable."""" (*Kobzoff*, *supra*, 19 Cal.4th at p. 857.) In addition to the evidence regarding William's previous Welfare and Institutions Code section 5150 commitment and the circumstances surrounding William's arrest by the City's police department, plaintiffs provided citations to the record regarding the overruling of two demurrers to the complaint on essentially the same legal ground as asserted in the motion for summary judgment, and the trial court's request for additional briefing on the issue of duty before ruling on the summary judgment motion. Plaintiffs

7

also offered evidence showing that the City "lawyered-up" immediately after William's suicide, improperly interrogated Sandy and recorded that interrogation, and stymied discovery throughout the proceedings, all of which tended to indicate to plaintiffs that the City had a serious concern regarding its liability in the case.

Based on all the facts and the applicable law, we affirm the order denying the City attorney fees and expert witness fees and observe that the City's appeal of the order is close to frivolous.

DISPOSITION

The order is affirmed.  Respondents to recover costs on appeal.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

8