Filed 8/21/24  Morgan v. Zarco Hotels CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| TRACI MORGAN, | B332319 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV07447) |
| v. | |
| ZARCO HOTELS INCORPORATED, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Reversed.

Potter Handy, Russell Handy; Seabock Price and Sara Johnson for Plaintiff and Appellant.

Jeffer Mangels Butler & Mitchell, Martin H. Orlick, Stuart K. Tubis and Christopher Whang for Defendant and Respondent.

The sole issue in this appeal is the propriety of an attorney fees award against a party's attorney under section 12205 of the Americans with Disabilities Act (42 U.S.C. § 12205)[1] (ADA). The ADA does not authorize assessment of attorney fees against a party's counsel. We therefore reverse the attorney fees award and the judgment enforcing the award.

## BACKGROUND

### The parties

Plaintiff Traci Morgan (plaintiff) suffers from Usher Syndrome Type II, a condition that renders her partially deaf and partially blind. She uses screen reader software (SRS) to navigate the Internet. Defendant Zarco Hotels Incorporated (defendant) owns and operates the Hollywood Hotel and the hotel's Web site, which offers digital booking and other services to potential customers. Real party in interest Center for Disability Access (plaintiff's counsel) represented plaintiff in this action.

### Plaintiff's complaint

Plaintiff commenced this action on March 1, 2022, alleging she attempted to navigate defendant's hotel Web site to locate accommodations but was unable to do so using SRS because of "numerous accessibility design defaults." Her complaint asserted two causes of action—violation of the Unruh Civil Rights Act (Civ. Code, § 51, subds. (b), (f)) and violation of Business and Professions Code section 17200. Although plaintiff asserted no cause of action under the ADA, her complaint alleged that jurisdiction was proper "because Plaintiff seeks a permanent

---

[1] All further statutory references are to the ADA unless stated otherwise.

2

injunction ordering compliance with the [ADA]," that defendant's actions "violate the [ADA]," and that "[p]ursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below." In the complaint's prayer for relief, plaintiff sought "injunctive relief under the Business and Professions Code, compelling Defendants to honor the rights of the plaintiff under the [ADA] and the Unruh Civil Rights Act" and "[a] Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA due to Defendants' failures to take action to ensure that its websites were fully accessible to and independently usable by visually-impaired individuals . . . ."

**Defendant's summary judgment motion and plaintiff's dismissal of the action**

Early in the litigation, defendant's counsel contacted plaintiff's counsel and explained that the hotel's Web site was fully accessible and compliant with law, that plaintiff's claims lacked merit, and that her lawsuit should be dismissed. On August 18, 2022, defendant filed a motion for summary judgment, supported by the declaration of Craig Davis, an expert who conducted an accessibility audit of the hotel Web site and attested to its accessibility by persons using SRS. Plaintiff did not oppose the summary judgment motion and dismissed the action on September 26, 2022.

**Motion for attorney fees**

Defendant filed a motion for attorney fees under section 12205 of the ADA, Code of Civil Procedure section 1021.5, and California Rules of Court, rule 3.1702, arguing that plaintiff's action lacked merit because the hotel's Web site complied with

3

the ADA, the Unruh Civil Rights Act, and relevant law. Defendant sought to recover its fees as against plaintiff and her attorneys, arguing that plaintiff's counsel had engaged in serial lawsuits against small businesses, including a previous, nearly identical lawsuit against defendant that was voluntarily dismissed after defendant filed a motion for summary judgment.

In opposing the motion, plaintiff's counsel argued that section 12205 did not apply because no cause of action had been asserted under the ADA. The trial court found, however, that the action came within the purview of the ADA because plaintiff "clearly and expressly sought to invoke" the remedies, procedures, and rights of the ADA, including a permanent injunction ordering compliance with the ADA. The trial court further found plaintiff's action was meritless, frivolous, unreasonable, and without foundation, based on defendant's evidence and plaintiff's failure to present any evidence supporting the merits of her case.

The trial court denied the motion in its entirety as to plaintiff, finding no evidence that she did anything improper. The trial court denied the motion as to plaintiff's counsel under Code of Civil Procedure section 1021.5, rejecting evidence outside the record of alleged misconduct by plaintiff's attorneys and concluding defendant's opposition of one meritless lawsuit did not convey the public benefit contemplated by the statute.[2] The court

---

[2] Code of Civil Procedure section 1021.5 provides in part: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if . . . a significant benefit, whether pecuniary

4

granted the motion in part under section 12205, finding the parties' communications in April 2022 should have put plaintiff's counsel on notice of the problems with the case, which the court found to be frivolous, unreasonable, and without foundation. The trial court ordered plaintiff's counsel to pay $55,414.84 in attorney fees incurred on or after May 1, 2022. A judgment enforcing the attorney fees order was entered on October 18, 2023. Plaintiff and her attorneys appealed.

## DISCUSSION

### I. Applicable law and standard of review

The ADA prohibits discrimination based on disability in the enjoyment of public accommodations, including access to public accommodations. (42 U.S.C. § 12182.) A Web site is a "public accommodation" under the ADA if it is connected to a physical place of public accommodation. (*Thurston v. Midvale Corp.* (2019) 39 Cal.App.5th 634, 644.)

The ADA includes a bilateral fee shifting provision that allows the prevailing party to recover reasonable attorney fees. Section 12205 states: "In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses . . . and costs . . . ." A prevailing defendant, however, can only recover attorney fees if the ADA claim was frivolous. (*Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412, 416-417; *Jankey v. Lee* (2012) 55 Cal.4th 1038, 1047-1048.) Under the

_____

or nonpecuniary, has been conferred on the general public or a large class of persons . . . ."

ADA, "prevailing defendants may receive fees only when the trial court finds that a plaintiff's claim is 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" (*Jankey*, at p. 1048.)

We review de novo whether there was a legal basis to award attorney fees against plaintiff's counsel under the ADA. (See *Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 6 [legal basis for attorney fees award is reviewed de novo].)

## II. Applicability of the ADA

Section 12205 applies to "any action . . . commenced pursuant to [the ADA]." We reject plaintiff's counsel's argument that section 12205 does not apply because plaintiff asserted no cause of action under the ADA. As the trial court noted, plaintiff in her complaint clearly and expressly invoked the "remedies, procedures and rights" of the ADA. Her prayer for relief sought an injunction "compelling Defendants to honor the rights of plaintiff under the [ADA]" as well as "[a] Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA." These allegations were sufficient to bring plaintiff's action within the purview of the ADA including section 12205.

## III. Attorney fees award against counsel under the ADA

A court may award attorney fees only when authorized by statute or by the parties' agreement. (*Olmstead v. Arthur J. Gallagher & Co.* (2004) 32 Cal.4th 804, 809.) "Fee awards against attorneys are ordinarily available only as sanctions and are generally not allowed under routine fee-shifting provisions . . . ." (*Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 615.)

6

"[T]rial courts may not award attorney fees as a sanction for misconduct absent statutory authority (or an agreement of the parties)." (*Clark v. Optical Coating Laboratory, Inc.* (2008) 165 Cal.App.4th 150, 164.) "Legislative silence on whether attorney fees may be assessed against counsel does not constitute statutory authority for sanctions against counsel." (*Suarez v. City of Corona* (2014) 229 Cal.App.4th 325, 334 (*Suarez*).)

Section 12205 of the ADA does not expressly authorize an award of attorney fees as sanctions against a party's counsel. The statute's silence as to whether attorney fees may be assessed against a party's counsel does not authorize a court to do so. (*Suarez, supra*, 229 Cal.App.4th at p. 334.) Defendant cites no case in which attorney fees under the ADA have been assessed against a party's counsel, and we have found none. Rather, case law supports the presumption that fee-shifting statutes apply only to parties unless the statute expressly states otherwise.

In *Roadway Express, Inc. v. Piper* (1980) 447 U.S. 752 for example, the Supreme Court examined fee-shifting provisions in title 42 United States Code sections 1988 and 2000e-5(k), which allowed successful plaintiffs "a reasonable attorney's fee as part of the costs" (*Piper*, at p. 758, fn. 5), without specifying who was responsible for payment of such fees. The Supreme Court declined to make lawyers responsible for fees under those statutes, noting that "[n]either § 1988 nor § 2000e-5(k) makes any mention of attorney liability for costs and fees." (*Piper*, at p. 761.) Federal and California appellate courts have applied this same principle to other similar fee-shifting statutes. (See, e.g., *Peer v. Liberty Life Assurance Company of Boston* (11th Cir. 2021) 992 F.3d 1258, 1262 [ERISA's fee-shifting statute giving court discretion to "'allow a reasonable attorney's fee and costs of action

7

to either party'" does not authorize court to require an attorney to pay another party's fees]; *In re Crescent City Estates, LLC* (4th Cir. 2009) 588 F.3d 822, 828 [28 U.S.C. § 1447(c) fee-shifting provision does not authorize attorney fees assessment against party's counsel]; *Durrett v. Jenkins Brickyard, Inc.* (11th Cir. 1982) 678 F.2d 911, 915 [Title VII's fee-shifting provision does not authorize attorney fees award against counsel]; *Suarez, supra*, 229 Cal.App.4th at pp. 334-335 [Code Civ. Proc., § 1038 empowering court to award prevailing party its defense costs did not authorize imposition of defense costs against a party's attorney]; *Moore v. Kaufman, supra,* 189 Cal.App.4th at p. 615 [anti-SLAPP statute's fee-shifting provision does not authorize award of attorney fees against a party's attorney]; *Doyle v. Superior Court* (1991) 226 Cal.App.3d 1355, 1358-1359 [Code Civ. Proc., § 409.3, permitting attorney fees award in favor of prevailing party, but silent as to whom the award may be assessed against, did not authorize fee award as sanctions against nonprevailing party's attorney].)  These cases interpret fee-shifting statutes with language similar to that of section 12205.  Like it, the statutes at issue in the cited cases give courts discretion to award attorney fees but do not specify who must pay those fees; and courts have uniformly disallowed an attorney fees award against a party's counsel.  We interpret section 12205 of the ADA similarly.  "[F]ee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." (*Independent Federation of Flight Attendants v. Zipes* (1989) 491 U.S. 754, 758, fn. 2; see *In re Cresent City Estates, LLC, supra*, 588 F.3d at p. 829.)  Section 12205 of the ADA does not authorize assessment of attorney fees against a party's attorney.

## DISPOSITION

The judgment is reversed.  The parties shall each bear their own respective costs on appeal.

_____

CHAVEZ, J.

We concur:

_____

ASHMANN-GERST, Acting P. J.

_____

HOFFSTADT, J.

9