Filed 1/26/26  Bains v. Kaur CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| SURINDER SINGH BAINS, | C103190 |
| Plaintiff and Appellant, | (Super. Ct. No. 23FL04686) |
| v. | |
| SANDEEP KAUR, | |
| Defendant and Respondent. | |

Plaintiff Surinder Singh Bains appeals from the trial court's order denying his request for grandparent visitation.  Defendant Sandeep Kaur (mother), the mother of his granddaughter with his son (father), objected to plaintiff's request.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We adopt the facts from the trial court's order on plaintiff's request for grandparent visitation because the record does not contain the motions or a reporter's transcript of the hearing.

1

"For 34 years, [plaintiff] has been incarcerated for first degree murder. [Plaintiff] testified that, during [f]ather's parenting time, he has FaceTime calls with the minor child . . . . These calls began in 2021, when the child was 2 years old. The calls ceased from May 2023 until December 2023, and then resumed. [Plaintiff]'s declaration states, consistent with his testimony [at the hearing], that he desires to be involved in his granddaughter's life, and he enjoys their regular FaceTime calls. [Plaintiff] testified that he is concerned that [m]other may cut off his contact with the child. [Plaintiff] seeks an order requiring grandparent visitation of at least two Face[T]ime calls per week as well as in-person visits at the prison. Mother opposes the request. Father [was] not present at th[e] hearing. Although [f]ather's counsel makes legal arguments on [father]'s behalf, and counsel represents that [f]ather supports [plaintiff]'s request, [f]ather has submitted no evidence of a bond between the child and [plaintiff], nor how visitation serves her best interests. Nor is there evidence that the balance of parental rights tips toward ordering the child to have twice-weekly FaceTime visits or in-person visits with [plaintiff] over [m]other's opposition."

Accordingly, the trial court denied plaintiff's request for grandparent visitation. Plaintiff appeals.

DISCUSSION

Plaintiff contends the trial court erred because it did not give enough weight to the wishes of father, who had shared physical and legal custody of his granddaughter, and instead deferred to the wishes of mother. We disagree.

Plaintiff based his request for visitation on Family Code[1] section 3104, which permits the trial court to grant reasonable visitation rights to the grandparent if the court (1) "[f]inds that there is a preexisting relationship between the grandparent and the

---

[1]    Further undesignated section references are to the Family Code.

2

grandchild that has engendered a bond such that visitation is in the best interest of the child" and (2) "[b]alances the interest of the child in having visitation with the grandparent against the right of the parents to exercise their parental authority."

The fact a parent may object is not an absolute bar to visitation under United States Supreme Court authority. " 'The decision of [the parents] about whether and under what conditions grandparents should have visitation with their grandchildren is entitled to "special weight" under [United States Supreme Court authority]—assuming both are fit parents—but no more.' " (*Stuard v. Stuard* (2016) 244 Cal.App.4th 768, 784.) Thus, under California law, "[t]here is a rebuttable presumption affecting the burden of proof that the visitation of a grandparent is not in the best interest of a minor child if the parent who has been awarded sole legal and physical custody of the child in another proceeding, or the parent with whom the child resides if there is currently no operative custody order objects to visitation by the grandparent." (§ 3104, subd. (f).)

We generally review custody and visitation orders for abuse of discretion. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255; *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) However, "[m]atters presenting pure questions of law, not involving resolution of disputed facts, are subject to the appellate court's independent review." (*Suarez v. City of Corona* (2014) 229 Cal.App.4th 325, 332.)

Here, the trial court acknowledged mother opposed plaintiff's request for grandparent visitation while father was in support of the request. Nothing in the court's order indicates it assigned determinative weight to mother's position over father's position, or applied the rebuttable presumption of section 3104, subdivision (f) in favor of mother. Instead, the order demonstrates the trial court complied with *Stuard v. Stuard*, *supra*, 244 Cal.App.4th at page 784, contrary to plaintiff's argument, and United States Supreme Court authority by considering the parents' wishes in conjunction with all the other facts, not giving determinative weight to any parent's wish.

3

Indeed, as the trial court found, no evidence established the child's bond with plaintiff or that it was of a nature that visitation with plaintiff was in the child's best interest.  Given the lack of evidentiary support of the factors required by section 3104, it was not unreasonable or arbitrary for the trial court to find plaintiff failed to establish he was entitled to grandparent visitation.  Accordingly, the trial court did not abuse its discretion by denying plaintiff's request.

DISPOSITION

The order denying plaintiff's request for grandparent visitation is affirmed. Plaintiff shall pay costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
RENNER, J.


/s/_____
BOULWARE EURIE, J.